UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THURSDAY POOLS LLC, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. _____ |
| § | | |
| vs. § | | **JURY TRIAL DEMANDED** |
| § | | |
| DISCOUNT FIBERGLASS § | | |
| POOLS, INC. § | | |
| d/b/a TALLMAN POOLS § | | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff THURSDAY POOLS LLC files this Original Complaint against Defendant DISCOUNT FIBERGLASS POOLS, INC. d/b/a TALLMAN POOLS, alleging as follows:

### I. NATURE OF THE ACTION

1. This is an action seeking injunctive and monetary relief for patent infringement with regard to Plaintiff's intellectual property rights. Defendant has violated, and continues to violate, *inter alia*, the patent laws of the United States, 35 U.S.C. §§271 and 281-285, as amended, by infringing Plaintiff's U.S. Patent Nos. 10,358,837 and 10,472,839.

1

## II. THE PARTIES

2.  Plaintiff THURSDAY POOLS LLC ("Plaintiff") is an Indiana limited liability company with its principal place of business at 840 Commerce Parkway, Fortville, IN 46240.

3.  Upon information and belief, Defendant DISCOUNT FIBERGLASS POOLS, INC. d/b/a TALLMAN POOLS ("Defendant") is a Georgia corporation with a principal place of business at 8993 Tara Blvd., Jonesboro, GA 30236 with process through its registered agent, Edward K. Tallman, 8993 Tara Blvd., Jonesboro, GA 30236.

## III. JURISDICTION AND VENUE

4.  This is an action for infringement of two United States patents under the patent laws of the United States, Title 35 of the United States Code. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over the Defendant because the Defendant is a Georgia corporation that resides within the state of Georgia.

6.  Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant regularly conducts business in this judicial district including making, using, offering to sell, selling beach entry fiberglass pools.

## IV. PATENTS-IN-SUIT

7. On July 23, 2019, United States Patent No.10,358,837 ("the '837 Patent") was duly and legally issued to William Khamis ("Khamis") and Edward Vondell ("Vondell) for a "Beach Entry Fiberglass Pool Body." A true and correct copy of the '837 Patent is attached hereto as Exhibit "A" and made a part hereof.

8. On November 1, 2019, United States Patent No. 10,472,839 ("the '839 Patent") was duly and legally issued to Khamis and Vondell for a "Beach Entry Fiberglass Pool System." A true and correct copy of the '839 Patent is attached hereto as Exhibit "B" and made a part hereof.

9. The '837 Patent and the '839 Patent are sometimes referred to herein collectively as the "Patents-in-Suit."

10. As it pertains to this lawsuit, the Patents-in-Suit, generally speaking, relate to fiberglass swimming pool bodies that may be placed in ground with unitary built-in beach entry (smooth ramp entry with no step down) ingress.

11. Plaintiff is the owner of all substantial rights in and to the Patents-in-Suit, including the exclusive right to make, have made, use, import, offer or sell products covered by the Patents-in-Suit, to enforce the Patents-in-Suit against all infringers, and to collect past, present and future damages and seek and obtain injunctive or any other relief for infringement of the Patents-in-Suit.

## V.   COUNT I -INFRINGEMENT OF THE '837 PATENT

12.     Plaintiff incorporates the above paragraphs herein by reference.

13.     Upon information and belief, and without authority, consent, right, or license, and in direct infringement of the '837 Patent, Defendant manufactures, makes, has made, uses, markets, sells and/or imports beach entry fiberglass pools and systems that infringe one or more claims in the '837 Patent. Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

14.     Defendant has directly infringed, and continues to infringe, at least claims 1, 2 and 10 of the '837 Patent by its manufacture, use, sale, offer for sale and/or importation of Tallman beach entry fiberglass pools.

15.     Defendant has directly infringed, and continues to infringe, one or more claims of the '837 Patent by making, using, selling, offering to sell and/or importing, without limitation, Tallman beach entry fiberglass pools that infringe at least the exemplary claims the '837 Patent identified in the claim chart incorporated into this Count as Exhibit C attached hereto and made a part hereof (the "Exemplary '837 Patent Claims") literally or by the doctrine of equivalents.

16.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '837 Patent Claims, by having its employees internally test and use Tallman beach entry fiberglass pools.

17. The service of this Complaint upon Defendant constitutes actual knowledge of the infringement alleged herein.

18. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Upon information and belief, Defendant will continue its infringement of the Patents-in-Suit unless enjoined by the Court. Defendant's infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

20. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '837 Patent, literally or by the doctrine of equivalents, by selling beach entry fiberglass pools to its customers for use in a manner that infringes one or more of the claims of the '837 Patent.

21. Plaintiff reserves the right to assert additional claims of the Patents-in-Suit.

### VI.  COUNT II – INFRINGEMENT OF THE '839 PATENT

22. Plaintiff incorporates the above paragraphs by reference herein.

23. Upon information and belief, and without authority, consent, right, or license, and in direct infringement of the '839 Patent, Defendant manufactures,

makes, has made, uses, markets, sells, offers to sell, and/or imports beach entry fiberglass pools and systems that infringe one or more claims of the '839 Patent. Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

24. Defendant has directly infringed, and continues to infringe, one or more claims of the '839 Patent by making, using, selling, offering to sell and/or importing, without limitation, Tallman beach entry fiberglass pools that infringe at least the exemplary claims of the '839 Patent identified in the claim chart incorporated into this Count as Exhibit D attached hereto and made a part hereof (the "Exemplary '839 Patent Claims") literally or by the doctrine of equivalents.

25. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '839 Patent Claims, by having it employees test and use Tallman beach entry fiberglass pools.

26. The service of this Complaint upon Defendant constitutes actual knowledge of the infringement alleged herein.

27. Plaintiff has been damaged by Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '839 Patent, literally or by the doctrine of equivalents, by selling beach entry fiberglass pools to its customers for use in a manner the infringes one or more of the claims of the '839 Patent.

29. Plaintiff reserves the right to assert additional claims of the Patents-in-Suit.

## VII.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent Nos. 10,358,837 and 10,472,839 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its services, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.     That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f.     That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent Nos 10,358,847 and 10,472,839; and

g.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 8, 2021.         Respectfully submitted,

/s/ Olivia E. Marbutt
Olivia E. Marbutt
  (Ga. Bar No. 141255)
KENT & RISLEY LLC
5755 N. Point Parkway, Suite 57
Alpharetta, GA  30022
Phone:  (404) 855-3865
oliviamarbutt@kentrisley.com


Steven G. Cracraft
  (Indiana Attorney No. 3417-49)
BRANNON SOWERS & CRACRAFT PC
47 South Meridian Street, Suite 400
Indianapolis, IN  46204
Phone:  (317) 630-2810
Fax:  (317) 630-2813
sgc@bscattorneys.com