IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THURSDAY POOLS LLC,

    Plaintiff,

    v.

DISCOUNT FIBERGLASS POOLS, INC., doing business as Tallman Pools,

    Defendant.

CIVIL ACTION FILE
NO. 1:21-CV-143-TWT

**OPINION AND ORDER**

This is a patent infringement action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 18]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 18] is DENIED.

## I.  Background

This case arises out of the alleged infringement of United States Patent Nos. 10,358,837 ("Patent '837") and 10,472,839 ("Patent '839"), which were issued for a "Beach Entry Fiberglass Pool Body" and a "Beach Entry Fiberglass Pool System," respectively. (Am. Compl. ¶¶ 7-8.) The patents, generally speaking, relate to fiberglass swimming pool bodies that can be placed in ground with unitary built-in beach entry ingress—i.e., a smooth ramp entry with no step down. (*Id.* ¶ 10.) The Plaintiff Thursday Pools LLC is the owner of all substantial rights in and to the patents. (*Id.* ¶ 11.) It initiated this action

in response to the alleged infringement of Patents '837 and '839 by the Defendant Discount Fiberglass Pools, Inc. d/b/a Tallman Pools (the "Defendant" or "Tallman"). According to the Plaintiff, the Defendant is liable for both direct and induced infringement based on its manufacture, use, marketing, sale, and/or importation of beach entry fiberglass pools and systems that infringe one or more claims of the patents. (*Id.* ¶ 13, 20, 23, 28.) The Defendant now moves to dismiss the direct infringement claim as to Patent '837 and the induced infringement claims as to both patents under Federal Rule of Civil Procedure 12(b)(6).

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff

"receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.  Discussion

#### A.  Direct Infringement of Patent '837

The Defendant first moves to dismiss the Plaintiff's direct infringement claim as to Patent '837. Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent[.]" 35 U.S.C. § 271(a). As a threshold matter, the Court reiterates that patent infringement cases are subject to the pleading requirements of *Twombly* and *Iqbal. See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 2021 WL 3121487, at *3 (N.D. Ga. July 23, 2021). Within the *Twombly/Iqbal* standard, though, the Parties disagree as to whether a complaint must allege facts showing that the accused product infringes each limitation, or element, of the asserted patent claims. (*Compare* Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 2-4, 9-10, *with* Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 1-7.) There appears to also be some disagreement, or at minimum uncertainty, among the federal courts on the level of specificity

3

required to plead direct infringement. *See Novitaz, Inc. v. inMarket Media, LLC*, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017) (describing the application of the *Twombly*/*Iqbal* standard to patent infringement allegations as a "developing topic").

On the one hand, some courts have declined to require that a plaintiff "plead direct infringement of each and every element of the allegedly infringed claims." *Crypto Res., LLC v. Assa Abloy, Inc.*, 236 F. Supp. 3d 671, 686 (E.D.N.Y. 2017). According to the *Crypto Research* court, "[i]mposing such a requirement would be inconsistent with the admonition that the court, in considering a motion to dismiss, should draw all reasonable inferences in the light most favorable to the plaintiff." *Id.* On the other hand, several courts "have determined that a complaint does not satisfy the standards of *Twombly* and *Iqbal* where it does not at least contain factual allegations that the accused product practices every element of at least one exemplary claim." *Novitaz*, 2017 WL 2311407, at *3. "Animating these decisions is the principle that the failure to meet a single limitation is sufficient to negate infringement of a claim." *Id.* (quotation marks, citation, and alteration omitted). At least in this district, the former standard appears to have won out: since the Federal Circuit's opinion in *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018), "most courts have required only that plaintiffs put the defendant on notice of what activity is being accused of infringement to survive dismissal. In other words, they do not have to plead facts showing that every claim limitation is met."

4

*Healthier Choices Mgmt.*, 2021 WL 3121487, at *4 (quotations marks, citations, and alteration omitted); *see also DataWidget, LLC v. Rocket Sci. Grp., LLC*, 2022 WL 671527, at *3 (N.D. Ga. Mar. 7, 2022).

Though hotly contested between the Parties, the application of one pleading standard or the other does not sway the outcome of this Motion to Dismiss. Indeed, the Court finds that the Amended Complaint makes even the heightened element-by-element factual allegations urged by the Defendant. According to the Defendant, the Amended Complaint fails to plausibly allege several limitations of claims 1 and 10 of Patent '837. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 5.) With respect to claim 1, the purportedly missing limitations are (1) an "inner wall," (2) an "outer wall," (3) a "top wall," (4) an "elongated riser extending away from the interior volume past the top wall," and (5) a "shallow fiberglass ramp extending from the elongated riser into the interior volume[.]"[1] (*Id.* at 5, 9 (emphasis omitted) (quoting Am. Compl., Ex. A at 11).) To the contrary, the Amended Complaint contains a detailed chart with images that match each of these limitations with corresponding features of the

---

[1] The Defendant argues that two materially identical limitations of claim 10 are also not sufficiently pleaded in the Amended Complaint: (1) "an elongated fiberglass riser wall extending . . . away from the interior volume beyond the fiberglass flange" and (2) "a fiberglass ramp extending from the elongated fiberglass riser wall." (Pl.'s Br. in Supp. of Pl.'s Mot. to Dismiss, at 11-12 (emphasis omitted) (quoting Am. Compl., Ex. A at 12).) Given the overlap between the challenged elements of claims 1 and 10, the Court does not separately address the Plaintiff's dismissal arguments based on claim 10.

5

Defendant's product. For example, a photograph of a Tallman pool identifies the inner wall ("on the pool side"), the outer wall, and the top wall ("extend[ing] therebetween") with a red circle and the elongated riser with green arrows. (Am. Compl., Ex. C at 2-3, 4-5.) Similarly, the shallow fiberglass ramp is highlighted with a red arrow on a pool diagram excerpted from the Defendant's website. (*Id.* at 6.)

The Defendant's remaining arguments as to direct infringement raise questions of claim construction that the Court cannot resolve at this preliminary stage. Claim construction is "an intensive process that requires the court to determine 'the meaning and scope of the patent claims asserted to be infringed.'" *Buyers Prods. Co. v. CURT Mfg. LLC*, 2017 WL 1498154, at *3 (W.D. Wis. Apr. 26, 2017) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996)). This process, though ultimately a question of law, involves a thorough review of both intrinsic and extrinsic evidence, including patent prosecution history, expert and inventor testimony, dictionaries, and learned treatises. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005). Accordingly, a motion to dismiss is not the proper vehicle to make claim construction arguments. *See, e.g.*, *Nalco Co.*, 883 F.3d at 1349; *PayRange, Inc. v. Kiosoft Techs., LLC*, 2021 WL 5374724, at *2 (S.D. Fla. Nov. 18, 2021); *WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 718576, at *3-4 (M.D. Fla. Feb. 20, 2019); *Buyers Prods. Co.*, 2017 WL 1498154, at *3; *Fujitsu Ltd. v. Belkin Int'l, Inc.*,

782 F. Supp. 2d 868, 889-90 (N.D. Cal. 2011).

Here, the Defendant contends that it has not infringed Patent '837 because (1) the alleged elongated riser does not extend *above* the top wall of its pools, and (2) the alleged shallow fiberglass ramp does not extend *from* the elongated riser. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 8-12.) These arguments ask the Court to define phrases such as "past the top wall," "beyond the fiberglass flange," and "from the elongated riser" based on a single technical drawing in Patent '837. (*Id.* at 9 (citing Am. Compl., Ex. A, Fig. 6).) But it would be premature to parse the meaning of these and any other disputed terms without the benefit of discovery and expert testimony. Moreover, even assuming no ambiguity in Patent '837, the Court cannot conclude from the images in the Amended Complaint alone whether the Defendant's pools in fact contain the asserted claims.[2] In contrast to claim construction, the determination of whether a patent claim, as properly construed, covers the accused product is a question of fact for the jury. *Fujitsu Ltd.*, 782 F. Supp. 2d at 889-90. On a motion to dismiss, the Court will not

---

[2] The Defendant repeatedly excerpts one photograph from the Amended Complaint to argue that the Plaintiff's direct infringement allegations are facially implausible. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 8, 10-12.) However, the photograph, which depicts a partially installed Tallman pool from a single angle, is not as "plainly obvious" as the Defendant makes it out to be. (*Id.* at 8.) In particular, it is unclear whether the alleged elongated riser extends above or below the top horizontal wall of the pool, and whether the alleged shallow fiberglass ramp extends from an interior or exterior surface of the pool. (*Contra id.* at 8, 9-12.)

wade into the merits of the Plaintiff's case but must accept all well-pleaded facts as true and draw all inferences in the Plaintiff's favor. Having done so, the Court finds that the Amended Complaint puts the Defendant on sufficient notice of what activity is being accused of infringement to avoid dismissal.

### B.  Induced Infringement of Patents '837 and '839

Next, the Defendant seeks to dismiss the Plaintiff's induced infringement claims as to Patents '837 and '839. Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quotation marks, citation, and alterations omitted); *see also ThermoLife Int'l, LLC v. Hi-Tech Pharms., Inc.*, 2018 WL 6728480, at *2 (N.D. Ga. Oct. 30, 2018). In support of its induced infringement claim, the Plaintiff alleges that it provided specific notice to Ed Tallman, the owner-operator of the Defendant, as early as April 2020 about the Defendant's infringement of Patents '837 and '839. (Am. Compl. ¶¶ 17, 26.) Despite notice, the Defendant allegedly has been and continues to "actively, knowingly, and intentionally . . . induce infringement of [both patents] . . . by selling beach entry fiberglass pools to its customers for use in a manner that infringes one or more of the claims of the [patents]." (*Id.* ¶¶ 20, 28.)

The Defendant contends that these allegations do not create a plausible

8

inference of its intent to induce infringement. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 12-13, 15.) The case law, however, cuts in favor of the Plaintiff. In *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010), for example, the patent-holding plaintiffs sent letters to the defendant offering to license a set of patents that were essential to its wireless communications technologies. The letters expressly did not make any infringement accusations or identify particular claims or accused products prior to the lawsuit. On summary judgment, the district court held that the notice letters could not establish the knowledge and intent elements of induced infringement. *Id.* at 1325-26. The Federal Circuit, though, reversed because the letters created factual issues regarding "whether they put [the defendant] on notice of the allegedly infringing acts by identifying the '952 patent and 802.11 compliant products and whether [the defendant] had the requisite intent to induce infringement." *Id.* at 1332. Applied here, the Plaintiff's allegations that it notified the Defendant of patent infringement, but that the Defendant continued to sell the accused pools, are enough to show knowledge and intent at the pleading stage.

## IV.     Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss [Doc. 18] is DENIED.

SO ORDERED this 16th day of March, 2022.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge