IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THURSDAY POOLS LLC,<br>*Plaintiff*,<br><br>v.<br><br>DISCOUNT FIBERGLASS POOLS,<br>INC., d/b/a TALLMAN POOLS,<br>*Defendant*. | Civil Action File No.:<br>1:21-cv-00143-TWT |

**MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING
THURSDAY'S MOTION FOR PARTIAL VOLUNTARY DISMISSAL**

Defendant, Discount Fiberglass Pools, d/b/a Tallman Pools (hereinafter "Tallman") respectfully moves for partial reconsideration of the Court's February 2, 2023 Order (Doc. 85) granting Thursday's motion for partial voluntary dismissal, dismissing with prejudice Count I of the Amended Complaint. Specifically, Tallman requests that the Court reconsider that portion of its order stating that each party is "to bear its own costs, expenses, and attorneys' fees relating to such claims" and instead delay any such consideration of costs, expenses and attorney's fees until after entry of judgment on all claims in this action. *See* Doc. 85.

Thursday's motion sought dismissal of only a single claim, Count I of infringement of U.S. Patent No. 10,358,837 ("the '837 Patent"). Doc. 71. Count II of Thursday's Amended Complaint remains for adjudication, along with Tallman's counterclaims. *See id.* While Tallman now has prevailed on Count I, there has been

1

no formal determination of whether any party is the "prevailing party" for purposes of Rule 54(d). Tallman respectfully submits that the determination is premature as to whether each party should bear its own costs, expenses, and attorney's fees.

Rule 54(d)(1) provides that costs other than attorney's fees "should be allowed to the prevailing party" and also that a claim for attorney's fees may be submitted by motion. However, "[a]t the pretrial stage, there is no prevailing party, and thus, any claim for attorneys' fees would be premature." *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1369–70 (Fed. Cir. 2004) (*citing Brasseler, U.S.A. I, L.P., v. Stryker Sales Corp.*, 182 F.3d 888, 892 (Fed. Cir. 1999) (rejecting an argument that a claim for attorney's fees was waived by failing to raise such a claim in a successful summary judgment motion, holding that "until the 'prevailing party' is known, a party that has pled a claim for attorneys' fees under Section 285 cannot be expected to request such fees").

In Tallman's opposition to Thursday's motion for partial voluntary dismissal, Tallman argued that the issue of prevailing party status should be deferred until the appropriate time. Doc. 81, ECF p.18. Tallman also set forth in detail the relevant procedural history that the Court will need to consider at that time, including:

(a) Despite accusing Tallman of infringing its '839 Patent before filing the Complaint, Thursday *never* accused Tallman of infringing the '83*7* Patent before filing the Complaint;

(b) Before filing its Complaint, Thursday *never* even inspected an accused Tallman Pool to determine if it actually infringes the '837 Patent;

(c) Thursday opposed *two* motions to dismiss the '837 Patent brought by Tallman by amending its Complaint and on grounds that discovery would ultimately support Thursday's infringement allegations;

(d) Once discovery opened, Thursday still *never* inspected an accused Tallman pool to determine whether it actually infringes the '837 Patent;

(e) Thursday offered to withdraw the '837 Patent in June 2022, but reneged after Tallman refused to also drop its counterclaims on the '837 Patent;

(f) One of Thursday's co-owners admitted in a December 2022 deposition that Tallman's accused pool lacks claimed features required by the '837 Patent, meaning that Tallman's pools do not infringe the '837 Patent; and

(g) Only then, days after the admission, Thursday sought to dismiss the '837 Patent, which the Court ultimately dismissed with prejudice.

*Id.,* ECF pp.6–13.

Additionally, in Tallman's opposition to Thursday's motion to defer briefing on Tallman's motion for partial summary judgment, Tallman outlined the clear legal prejudice that its faces if the Court allows a dismissal with prejudice without

3

allowing for consideration of the issue of costs, expenses, and attorney's fees at the proper time, namely after entry of judgment. Doc. 84, ECF pp.7–13.

Defendant is *not* asking the Court to make any determination *now* as to prevailing party status or to make an award of costs, expenses, and attorney's fees. Rather, Tallman simply requests that the Court modify its order to make clear that any such determination shall be deferred until the appropriate time following the resolution of disputed claims in this case.

Accordingly, in view of the above and because there remain disputed claims in this case, both in Thursday's Amended Complaint and in Tallman's Answer thereto, Tallman respectfully requests that the Court reconsider and/or modify its Order, at least in part, so as to defer for later determination the issue of costs, expenses, and attorney's fees after all disputed claims in this case are resolved and judgment entered.

A proposed Order is filed simultaneously with this motion.

Respectfully, this 8th day of February, 2023.

/s/ N. Andrew Crain
N. Andrew Crain
Georgia Bar No. 193081
*a.crain@thip.law*
Charles M. Landrum III
Georgia Bar No. 312056
*c.landrum@thip.law*

**THOMAS | HORSTEMEYER, LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone: 770.933.9500
Facsimile: 770.951.0933

*Attorneys for Defendant Discount Fiberglass Pools, Inc. d/b/a Tallman Pools*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THURSDAY POOLS LLC,<br>    *Plaintiff*,<br><br>v.<br><br>DISCOUNT FIBERGLASS POOLS,<br>INC., d/b/a TALLMAN POOLS,<br>    *Defendant*. | Civil Action File No.:<br>1:21-cv-00143-TWT |

## CERTIFICATE OF SERVICE

I certify that I have this day served the foregoing *Motion for Partial Reconsideration of Order Granting Thursday's Motion for Partial Voluntary Dismissal* via electronic mail upon all counsel of record.

This 8th day of February, 2023.

                                                          */s/* N. Andrew Crain
                                                          Counsel for Defendant